IN RICHMOND SUPERIOR COURT.

### JOHN M. GINNIS *vs.* CALVIN W. M. BACON.

### *Attachment.*

THIS is a motion on arrest of judgment; and the error assigned, and for which the judgment is sought to be arrested, is that the affidavit on which the attachment rests, is not positive, but according to the belief of deponent, and therefore insufficient.

As far as the decisions of our courts are known, affidavits under the attachment acts have been required to be positive and certain, not according to belief or by way of reference. These decisions rest on the analogy of bail affidavits, and are generally correct. The affidavit in this case sets forth that " the defendant is removing without the limits of this State, as this deponent doth verily believe; that the defendant is justly indebted to the plaintiff one thousand and forty-two dollars and seventy-five cents on an acceptance to become due on the twenty-fourth day of May, in the year of our Lord eighteen hundred and twenty-eight." Here the indebtedness is positively stated in a separate part of the sentence, and to this there can be no exception. That " the defendant is removing without the limits of the State" is what the deponent states according to his belief. By looking at the act of 1816, under which the attachment was sued out, it is seen that " oath is to be made of the amount of the debt to become due, and that the debtor is removing." The same positiveness seems to be required as to both facts; but it is not in the nature of the case that the same direct and positive assertion can be made of the latter as of the former. A creditor may and must know that a debt actually exists, which can be positively sworn to; but he cannot swear positively that his " debtor is removing *without the limits of this State,*

An affidavit for attachment which states that " *Defendant is removing without the limits of this State, as this deponent doth verily believe,*" is sufficiently positive under the act of 1816.

RICHMOND.

GINNIS
v.
BACON.

though he may see him in the act of removing, and may *verily believe* him to be *removing beyond* the *limits* of the *State.*

The case of Hobson *vs.* Campbell, 1 Hen. Blac. 245, is more analogous to this than any other case I know of. That was a rule to show cause why a common appearance should not be entered, and the bail bond given up to be cancelled, on the ground of the insufficiency of the affidavit to hold to bail. The affidavit stated the debt, which was on bond *positively;* but the breach of the condition of the bond was stated according to the *knowledge and belief* of the plaintiff. It is there said "the court felt no difficulty in declaring their opinion that the affidavit is sufficiently positive, as far as it states the knowledge and belief of the deponent; there being authorities enough to prove that a more positive statement is not required, where, from the nature of the question, the party could only have a ground of belief, and could not make a direct assertion." There is very good reason, too, why greater strictness should obtain in affidavits for bail than in those for attachment. The former asserts the liberty of the citizen, the latter but his property; the former are without, the latter with security for damages. It is the opinion of the court that the affidavit in this case is sufficient.

The motion is overruled.